UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NEIL R. VANDERPOL,

Plaintiff,

v.

KITSAP COUNTY SHERIFF'S OFFICE, SHERIFF STEVE BOYER,

Defendants.

No. C13-5002 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

Neil R. Vanderpol is a Washington State Department of Corrections prisoner at the Washington State Penitentiary. His pro se complaint alleges that the Kitsap County Sheriff's Office and Sheriff Steve Boyer violated his Eighth Amendment rights by providing him with poor medical care in violation of 42 U.S.C. § 1983. ECF No. 5. The Court declines to serve the complaint because it contains numerous deficiencies. However, Plaintiff will be given an opportunity to explain why his complaint should not be dismissed or, alternatively, to submit an amended complaint for the Court's review.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See*

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Mr. Vanderpol alleges that when he was incarcerated in the Kitsap County Jail, he developed a hernia, was diagnosed, and surgery was recommended. He alleges that the Kitsap County Jail and Sheriff Steve Boyer "and other unknown defendants" turned a blind eye to his medical care and ignored the care mandated by his medical doctor. ECF No. 5, pp. 3-4. Mr. Vanderpol seeks $750,000.00 in damages. *Id.*, p. 4.

Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. To state a claim under § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Vanderpol's claims regard medical treatment. The government has an obligation to provide medical care for prisoners. The Eighth Amendment proscribes deliberate indifference to

a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285 (1976). To establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or medical need. *Id.* at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. *Id*. at 1060.

A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div*., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs*., 766 F.2d 404, 407 (9th Cir. 1985).

The present complaint does not state a claim for relief under § 1983. Mr. Stewart claims that his medical needs were ignored, but he has failed to allege what person, acting under color of state law, failed to respond to that medical need. Instead, he claims that various unknown medical personnel at the Kitsap County Jail failed to provide surgery for his diagnosed hernia. He names only the Kitsap County Sheriff's Office and the Kitsap County Sheriff as parties.

A governmental agency such as the Kitsap County Sheriff's Office normally cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). The proper defendant would be Kitsap County, a municipality that can be sued under § 1983. However, to hold a municipality such as Kitsap County liable, Mr. Vanderpol must show the municipality itself

violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit. *Id.*

Mr. Vanderpol alleges only that the Kitsap County Sheriff's Office and Sheriff Steve Boyer "set policies which infringed on my Eighth Amendment rights." ECF No. 5, at 3. However, he fails to identify what custom or policy of Kitsap County caused the injuries of which he complains. Therefore, his present allegations do not support a claim against Kitsap County.

Mr. Vanderpol's allegations against the Sheriff Steve Boyer are similarly deficient. Section 1983 supervisory liability cannot be based on respondeat superior. See *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. See *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). To the extent Mr. Vanderpol's allegations against Sheriff Boyer are premised on his responsibility for jail employees and operation of the jail, alone such allegations are insufficient to state a § 1983 against Sheriff Boyer. To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or

directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63, (1999). Because vicarious liability is inapplicable to a § 1983 suit, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Mr. Vanderpol alleges only that Sheriff Boyer "turned a blind eye" to his injuries. This is not sufficient to establish that he is liable in his individual capacity. Mr. Vanderpol must allege facts showing that Sheriff Boyer participated in or knowingly failed to prevent a violation of his constitutional rights.

As presently plead, Mr. Vanderpol's complaint also fails to establish that Sheriff Boyer may be held liable in his official capacity. Sheriff Boyer is employed by Kitsap County. A claim against a municipal official in his official capacity is treated as a claim against the entity itself. *Kentucky v. Graham*, 472 U.S. 159, 166, 105 S.Ct. 2545, 86 L.Ed.2d 112 (1985). Because Mr. Vanderpol has failed to state a claim against Kitsap County, he has also failed to state a claim that Sheriff Boyer violated his rights while acting in his official capacity.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **February 22, 2013.** If Plaintiff chooses to amend his complaint, Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint shall operate as a complete substitute to the present complaint. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, it must be clearly labeled the "Amended Complaint", and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 22, 2013**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this 11th day of January, 2013.

Karen L. Strombom
United States Magistrate Judge