UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEIL R. VANDERPOL,<br><br>           Plaintiff,<br><br>   v.<br><br>KITSAP COUNTY SHERIFF'S OFFICE, STEVE BOYER,<br><br>           Defendants. | No. C13-5002 RJB/KLS<br><br>ORDER DENYING MOTION FOR COUNSEL |

Before the Court is a letter from Plaintiff in which he requests the appointment of counsel. ECF No. 7. Having carefully considered Plaintiff's request and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

ORDER - 1

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff asks whether a lawyer can be appointed to him and at what cost.  ECF No. 7, p. 2.  Plaintiff has been ordered to show cause or to file an amended complaint.  ECF No. 6.  He claims that he is having difficulty responding to the order to show cause.  *Id.*  Plaintiff has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court.  In the Order to Show Cause, however, the Court directed Plaintiff to provide more facts describing his claims, such as the names of the individuals who he claims ignored his medical needs.  Plaintiff is directed to follow the Court's instructions in the Order to Show Cause (ECF No. 6) and on the 42 U.S.C. 1983 civil rights complaint form provided for his use.

Based on Plaintiff's allegations, the Court notes that this is not a complex case involving complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.  Concerns regarding investigation, access to legal resources or examination of witnesses are not exceptional factors, but are the type of difficulties

ORDER - 2

encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion for counsel (ECF No. 7) is **DENIED.**

(2)   The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this 13th day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3