UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEIL VANDERPOL, <br><br> Plaintiff, <br><br> v. <br><br> BOBBY JACOBY, ARLEN JOHNSON, KITSAP COUNTY, <br><br> Defendants. | CASE NO. 3:13-cv-05002 <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge. Dkt. 28. The court has considered the relevant documents and the remainder of the file herein.

I. PROCEDURAL HISTORY

On January 2, 2013, Plaintiff Neil Vanderpol brought this suit against Defendants Bobby Jacoby, Arlen Johnson, and Kitsap County alleging a failure to provide medical care. Dkt. 1.

On October 9, 2013, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, concluding that Defendants' Motion to Dismiss (Dkt. 25) should be granted

and Plaintiff's pending motion for appointment of counsel (Dkt. 26), should be denied as moot. Dkt. 28. Defendants filed their Motion to Dismiss on September 5, 2013, and the Plaintiff did not file a response.

On October 23, 2013, Plaintiff filed his objections to the Report and Recommendation. Dkt. 30. Plaintiff also filed a response to Defendants' Motion to Dismiss and asked the court to review his response along with his objections. Dkt. 29. In the interest of justice the court has reviewed both filings and treated them together as Plaintiff's objections. In these filings Plaintiff argues that the nurses were deliberately indifferent by not following Dr. Bennett's referral; that Plaintiff did not receive competent care; that comments made by the Judge presiding over his medical furlough hearing suggested deliberate indifference; that his grievances show sufficient, everyday pain; that Dr. Clemens' comments and D.S.H.S.'s approval demonstrated a serious medical need and unnecessary and wanton infliction of pain; that the jail policy caused him harm; that his surgery almost two weeks after meeting with Dr. Clemens is not evidence that his condition was not emergent; and that Dr. Bennett's decision not to send him immediately to surgery is not evidence that his condition was not emergent. Dkt. 29; Dkt. 30.

On October 24, 2013, Defendants filed their response to Plaintiff's objections, arguing that Plaintiff's objections were mostly a restatement of the allegations in Plaintiff's complaint, and that potential additional pain does not constitute a serious medical need or substantial harm caused by a delay of treatment. Dkt. 32.

II.   DISCUSSION

The court has reviewed the record *de novo*. Plaintiff's objections largely restate the allegations in his complaint, and the Magistrate Judge carefully and accurately reviewed the record and thoroughly addressed Plaintiff's complaint. The grounds for dismissal as explained in the Report and Recommendation remain despite Plaintiff's objections. Only a limited amount of

Plaintiff's objections clarify or expand on the record so as to bolster Plaintiff's claims. Plaintiff elaborates on the specific comment made by the Judge presiding over Plaintiff's furlough hearing, but this comment is irrelevant. Plaintiff's additional information regarding the scheduling of his surgery and the reason he was sent back to jail after meeting with Dr. Bennett do not bolster his claims enough to preclude dismissal. The specific jail policy that Plaintiff presents for the first time in his objections does not address or refute the Magistrate Judge's conclusions as to his claim against Kitsap County. Finally, Plaintiff's additional assertions and evidence regarding his pain still do not establish a serious medical need sufficient to preclude dismissal. The court agrees with the reasoning and conclusions of the Magistrate Judge, after considering Plaintiff's objections. Accordingly, the Report and Recommendation should be adopted.

### III.   ORDER

Therefore, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. 28) is **ADOPTED**; Defendants' Motion to Dismiss (Dkt. 25) is **GRANTED**; all pending motions, including Plaintiff's motion for appointment of counsel (Dkt. 26), are **DENIED as moot**. Plaintiff's case is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of November, 2013.

ROBERT J. BRYAN
United States District Judge